SAMUEL H. HAWKINS, plaintiff in error, *vs.* E. B. LOYLESS, defendant in error.

The lien of an attorney for fees, on papers in his hands, and on judg-
ments which he has obtained for his client, does not operate so as to
prevent a *bona fide* settlement by the defendant with the plaintiff, in
full, provided there was no notice to the defendant not to pay without
reserving the fees, and provided also the settlement was not made with
intent to defeat the attorney in collecting his fees.

Attorney's lien.    Decided by Judge HARRELL.    Webster
Superior Court.    March Term, 1869.

S. H. Hawkins was a member of the firm of Worrill &
Hawkins, attorneys at law. The firm, as such attorneys,
obtained a judgment in favor of Chapman against said Law-
less. Thereupon a *fi. fa.* was issued upon which there was a
return of *nulla bona* on the 16th of March, 1859. On this
*fi. fa.* also appeared a statement that the cost, $13 90, was
paid by said Hawkins, on the 1st of March, 1860, and a
receipt of the same costs from Loyless by said Hawkins, on
the 27th of February, 1860. They had sued out another
judgment in favor of one Stegall against said Loyless; on
the *fi. fa.* issuing thereon there was a return of *nulla bona* on
the 14th of March, 1859, and a receipt from the plaintiff's
agent to Stegall for the principal, interest and costs, dated
the 15th of September, 1863, and they had obtained a third
judgment against Loyless in favor of one Callaway, and upon
the *fi. fa.* issued upon it *nulla bona* was returned on the 12th
of March, 1860. On this *fi. fa.* it appeared that said Haw-
kins had paid the costs, $13 25, and Loyless had repaid him
on the 27th of February, 1866. Chapman transferred the
attorney's receipt on which said first judgment was founded
to one Harrison, on the 19th of July, 1859, and on the 28th
of August, 1862, Harrison ordered them to give up the paper
to Loyless, stating that he had settled the *fi. fa.* On the 4th
of May, 1859, Callaway, in writing, ordered them to give up
his note to Loyless upon his paying the costs. Upon this
state of facts Hawkins, in March, 1869, prayed the Court to
order said *fi. fas.* to proceed against Loyless for the purpose

of collecting his fees. There was no special contract; he claimed *quantum meruit*. He contended that Loyless had paid the *fi. fas.* with notice of said lien, and in fraud of the attorney's rights.

The Court refused to grant such order, and his refusal is assigned as error.

C. T. GOODE, S. H. HAWKINS and R. LYON, for plaintiff in error, cited the Code, secs. 1976, 1980, McDonald *et al.*, vs. Napier, 14 Ga. R., 106; Gray *et al.*, vs. Lawson, 36 Ga. R., 629; 34 Ga. R., 377.

MARK BLANFORD, W. A. HAWKINS, for defendant.

McCAY, J.

That an attorney has a lien for his fees upon his client's papers in his hands, and upon funds collected, etc., is unquestionable, and this by the common law. Cross on Lien, 208, as well as by the Code of this State.

But this rule has never extended so far as to prevent parties, who are acting *bona fide*, from settling their cases. The lien is based upon the attorney's equitable claim against the property of his client, and if his client has no property in the thing, if, with an honest intent to arrange the dispute, the parties come together, and settle without any intent to do harm to the attorney, public policy, which always favors the settlement of litigation, will protect the defendant.

This rule is well settled in England, and there is nothing in our Code to change it. Nelson vs. Wilson, 6 Bing., 568; Cross on Lien, 220.

It is equally well settled that if there be collusion between the plaintiff and defendant, and the settlement is made with a view of defrauding the attorney of his costs, the Court will not permit the fraud to be effective. Cross, 220, 228, 229. And these principles, as laid down by Cross, are abundantly sustained by the authorities to which he refers.

The question on which the cases are made to turn in England, is the fraud—the evil intent. Simple notice of the

existence of the lien is not enough. There must, from the circumstances, be the intent to circumvent the attorney. Chapman vs. How, 1 Taunton, 340.

Where the lien exists by contract, our Code, section 1980, provides that parties, who have *notice*, cannot settle with the plaintiff so as to defeat the attorney. This, it will be noticed, is when the lien exists by contract. How far the Courts would, by analogy to this rule, interfere in cases where the lien exists only by operation of law, we do not decide. Though there seems to be the same reason for giving effect to notice in one case as in the other. But, in this case, there is no pretence of notice, and in the absence of this, there must, according to all the authorities, be an ingredient of fraud, with intent to defeat the attorney of his fees. There is no such proof here, and we affirm the judgment of the Court. It is unnecessary, from the view we have taken of the lien of the attorney, to decide the other questions.